**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAVANNAH LICENSING LLC,** | § | |
| | § | |
| **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 3:22-cv-01180-B** |
| **BROADRIDGE FINANCIAL SOLUTIONS, INC.,** | § | |
| | § | **Patent Case** |
| | § | |
| **Defendant and Counterclaimant.** | § | **Jury Trial Demanded** |

**DEFENDANT BROADRIDGE FINANCIAL SOLUTIONS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Broadridge Financial Solutions, Inc. ("Broadridge") hereby responds to Plaintiff Savannah Licensing, LLC ("Savannah Licensing")'s Complaint (Dkt. No. 1), and admitting only so much as is specifically admitted herein, states and avers as follows:

**THE PARTIES**

1. Broadridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore, deny the same.

2. Broadridge admits that it is a New Jersey corporation with an established place of business at 5 Dakota Drive, Suite 300, Lake Success, NY 11042. Except as so admitted, the remaining allegations in Paragraph 2 are denied.

**JURISDICTION**

3. Broadridge admits Savannah Licensing purports to state a cause of action for patent infringement arising under the patent law of the United States. Except as so admitted, the remaining allegations in Paragraph 3 are denied.

4.      Broadridge admits Savannah Licensing purports to state a cause of action for patent infringement arising under the patent law of the United States. Except as so admitted, the remaining allegations in Paragraph 4 are denied.

5.      Broadridge admits it has a place of business at 404 S. Royal Lane, Coppell, TX 75019. Except as so admitted, the remaining allegations in Paragraph 5 are denied.

## VENUE

6.      Broadridge admits it has a place of business in the Northern District of Texas. Except as so admitted, the remaining allegations in Paragraph 6 are denied.

## PATENT-IN-SUIT

7.      Broadridge states that U.S. Patent No. 9,454,777 ("the '777 Patent") speaks for itself and no additional response is necessary to Paragraph 7. Except as so admitted, the remaining allegations in Paragraph 7 are denied.

## THE '777 PATENT

8.      Broadridge states the '777 Patent speaks for itself and no additional response is necessary to Paragraph 8. Except as so admitted, the remaining allegations in Paragraph 8 are denied.

9.      Denied.

## COUNT 1: INFRINGEMENT OF THE '777 PATENT

10.     Broadridge repeats and incorporates its responses contained in the prior paragraphs as though fully set forth herein.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

## JURY DEMAND

16.     Broadridge denies that Savannah Licensing is entitled to any trial on the issues alleged in the Complaint.

## PRAYER FOR RELIEF

17.     Broadridge denies that Savannah Licensing is entitled to any relief from Broadridge and denies all the allegations contained in Paragraphs A-E of the Complaint's Prayer for Relief.

## AFFIRMATIVE DEFENSES

18.     Broadridge asserts the following defenses without altering the applicable burdens of proof.  Broadridge reserves the right to amend its currently pled defenses and/or assert additional defenses as they become apparent through discovery.

## FIRST DEFENSE

19.     Broadridge has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '777 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## SECOND DEFENSE

20.     The claims of the '777 patent are invalid and/or unenforceable at least because they fail to meet one or more of the requirements or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

21.     Savannah Licensing's Complaint fails to state a claim upon which relief can be granted because the '777 patent does not claim patentable subject matter under 35 U.S.C. § 101.

## FOURTH DEFENSE

22.     To the extent Savannah Licensing asserts that Broadridge indirectly infringes, either by contributory infringement or inducement of infringement, Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH DEFENSE

23.     Savannah Licensing's claims for relief are statutorily limited in whole or part by Title 35 of the United States Code, including without limitation 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

## SIXTH DEFENSE

24.     Savannah Licensing's claims are barred, in whole or part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, laches, patent misuse, unclean hands, and/or the doctrine of patent exhaustion.

## SEVENTH DEFENSE

25.      To the extent that Savannah Licensing asserts that Broadridge indirectly infringes, either by contributory infringement or inducement of infringement, Broadridge is not liable to Plaintiffs for the acts alleged to have been performed before Broadridge knew that its actions would cause indirect infringement.

## EIGHTH DEFENSE

26.     At least a portion of Savannah Licensing's claim for damages from Broadridge for alleged infringement is barred from recovery in this Court pursuant to 28 U.S.C. § 1498.

## COUNTERCLAIMS

Counterclaimant Broadridge Financial Solutions, Inc. ("Broadridge"), by and through its attorneys, brings these counterclaims against Counter-defendant Savannah Licensing LLC ("Savannah Licensing"). Savannah Licensing has asserted Claim 1 of U.S. Patent No. 9,454,777 ("the '777 Patent"), which recites:

> 1. A method to use feedback in a system implemented by a computing device, comprising:
>
>> [a] receiving, by the computing device, a frustration event package comprising a user frustration event indicator and an associated event indicator that indicates a level and a type of user frustration associated with a user frustration event, wherein the user frustration event is associated with a device event that includes an active operation of a device at a time when the user frustration event occurred;
>>
>> [b] determining, by the computing device, feedback based at least in part on the user frustration event indicator and the associated event indicator; and
>>
>> [c] implementing, by the computing device, a network action based on the determined feedback.

The computing device referenced in Claim 1 is simply a generic computing device with no specialized components or functions. Figure 7 is a block diagram illustrating an example computing device arranged as taught by the '777 Patent:



Fig. 7

There is no aspect of the computing device taught by the '777 patent that is not conventional or generic.  Publications predating the priority date of the '777 patent similarly describe all physical components of this generic computing device.  *See* EX. A (https://www.technologyuk.net/computing/computer-hardware/architecture.shtml).

Broadridge alleges as follows:

## THE PARTIES

1.     Broadridge is a New Jersey corporation with its principal place of business in Lake Success, New York.

2.     Savannah Licensing alleges it is a Texas corporation with its principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Broadridge's counterclaims arise under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.     This Court has personal jurisdiction over Savannah Licensing because Savannah Licensing brought the instant action in this judicial district, thereby submitting itself to the Court's jurisdiction.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## COUNT 1: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

6.      Based on the Savannah Licensing's filing of this suit and Broadridge's First and Fourth Defenses, an actual controversy has arisen and now exists between the parties as to whether Broadridge has infringed either directly or indirectly (through contributory infringement or

inducement of infringement) the '777 patent.

7.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Broadridge requests a declaration by the Court that it does not infringe any claim of the '777 patent, either directly, contributorily, or by inducement.

## COUNT 2: DECLARATORY RELIEF REGARDING INVALIDITY

8.      Based on Savannah Licensing's filing of this suit and Broadridge's Second and Third Defenses, an actual controversy has arisen and now exists as to the validity of the claims of the '777 patent.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Broadridge requests a declaration by the Court that the claims of the '777 patent are invalid.

## COUNT 3: DECLARATORY RELIEF REGARDING UNENFORCABILITY

10.     Based on Savannah Licensing's filing of this suit and Broadridge's Sixth, Seventh, and Eighth Defenses, an actual controversy has arisen and now exists as to the enforceability of the '777 patent.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Broadridge requests a declaration by the Court that the claims of the '777 patent are unenforceable.

## PRAYER FOR RELIEF

12.     Broadridge respectfully requests a judgment against Savannah Licensing as follows:

A.      A declaration that Broadridge does not infringe the '777 patent;

B.      A declaration that the '777 patent is invalid;

C.      A declaration that the '777 patent is unenforceable;

D.      That Savannah Licensing take nothing by their Complaint;

E.      That the Court enter judgment against Savannah Licensing and in favor of

Broadridge and that the Complaint be dismissed with prejudice;

F.      That the Court award Broadridge costs and attorneys' fees incurred in this

action; and

G.      Further relief as the Court may deem just and proper.

### JURY DEMAND

Broadridge hereby demands trial by jury on all issues.

Dated: September 7, 2022                    Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
TX Bar No. 00789886
R. Brian Craft
TX Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX  75702
(903) 534-1100
(903) 534-1100 Fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Clement Seth Roberts
(California State Bar No. 209203)
(*pro hac vice* application pending)
Isaac Sawlih Behnawa
(California State Bar No. 342441)
(*pro hac vice* application pending)
ORRICK HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Email: croberts@orrick.com
Email: ibehnawa@orrick.com

Bas de Blank
(California State Bar No. 191487)
(*pro hac vice* application pending)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94205
Telephone: 650-614-7400
Email:basdeblank@orrick.com

***Attorneys for Defendant***
***Broadridge Financial Solutions,***
***Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/Eric H. Findlay*
Eric H. Findlay